IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BP EXPLORATION & PRODUCTION, INC., ET AL. § § § § § § § § § § § | | |
| Plaintiff, | | |
| v. | | CIVIL ACTION NO. 4:09-CV-03360 |
| NATIONAL OILWELL VARCO, LP, ET AL. | | |
| Defendants. | | |

**COUNTERCLAIMS OF DEFENDANTS NATIONAL OILWELL VARCO, L.P., NATIONAL OILWELL VARCO, INC., NATIONAL OILWELL NORWAY, AS, HYDRALIFT AMCLYDE, INC., AND HYDRALIFT, INC.**

National Oilwell Varco, L.P., National Oilwell Varco, Inc., National Oilwell Norway AS, Hydralift Amclyde, Inc., and Hydralift, Inc. (collectively, "NOV") bring these counterclaims against plaintiffs BP America Production Company, BP Exploration & Production, Inc. (collectively, "BP") and American Home Assurance Company ("American Home"). BP and American Home are collectively referred to herein as "Plaintiffs."

**COUNTERCLAIMS**

1. Effective March 15, 2002, BP entered into two contracts with Pride Offshore, Inc. ("Pride) governing the MAD DOG drilling rig project that is the subject matter of BP's claims against NOV in this action: the Drilling Rig Construction and Purchase Contract (the "Construction Contract") and the Drilling Rig Operation and Maintenance Services Contract (the "Operation Contract") (collectively, the "Construction and Operation Contracts").

2. In these contracts, BP and Pride undertake extensive indemnity, defense, and insurance obligations that are expressly owed not only to each other but also to various other

1

entities likely to be involved in the project though a relationship with the other party.

3. Specifically, in the Construction and Operation Contracts, BP assumes indemnity, defense, and insurance obligations to the "Contractor Group," which is defined to include Pride, Pride's affiliates, and Pride's subcontractors and vendors and their affiliates.

4. Similarly, Pride's indemnity, defense, and insurance obligations under the contracts extend to the "Company Group," which is defined to include BP, BP's affiliates, and BP's co-venturers, co-lessees, and co-working interest owners and their affiliates.

5. Plaintiffs' claims against NOV in this action are based on allegations relating to NOV's design, manufacture, installation, maintenance and repair of the parking brake system for the MAD DOG drilling rig as a subcontractor and vendor to Pride under the Construction and Maintenance Contracts.

6. Under the Construction and the Maintenance Contracts, Plaintiffs are obligated to defend, indemnify, release and hold NOV harmless from and against all claims, liabilities, damages, and expenses, including attorneys' fees and other costs of defense, for some or all of the damages asserted by Plaintiffs in this action, regardless of any negligence or fault on the part of NOV.

7. The Construction and Maintenance Contracts also require BP to support its indemnity obligation to NOV with blanket contractual liability insurance or qualified self-insurance with minimum limits of not less than ten million dollars.

8. BP also agrees under these contracts to provide various categories of insurance coverage, including: (1) commercial general liability insurance, including contractual liability coverage and (2) excess liability insurance over commercial general liability insurance with minimum limits of ten million dollars excess of the primary policy limit.

Case 4:09-cv-03662 Document 261 Filed in TXSD on 07/28/10 Page 2 of 5

9. With respect to such insurance, Plaintiffs are obligated to name the Contractor Group as an additional insured, waive subrogation with respect to Contract Group, and provide that such coverage shall be primary with respect to any other coverage in favor of Contract Group.

10. Additionally, BP has the option under the Construction and Maintenance Contracts to obtain Builder's Risk Insurance.

11. If BP obtains such insurance coverage, Plaintiffs are obligated under the Construction and Operation Contracts to waive subrogation against Contractor Group with respect to such insurance.

12. NOV has made demand upon Plaintiffs for indemnity, defense, and insurance with respect to this action, but Plaintiffs have failed and refused to fulfill their indemnity, defense, and insurance obligations to NOV.

13. Plaintiffs have breached their duties under the Construction and Operation Contracts and related insurance policy contracts by failing to honor their indemnity, defense, and insurance obligations to NOV with respect to the allegations and claims asserted in this action.

**PRAYER**

NOV respectfully requests that this court enter judgment that Plaintiffs take nothing on their claims against NOV in this action and that NOV is entitled to indemnity, defense, and insurance from Plaintiffs with respect to same, assess costs against Plaintiffs, award NOV its attorneys' fees and expenses, and grant such other relief to which NOV may be justly entitled.

Respectfully submitted,

By: /s/_____
   Melissa M. Davis

| MAHTOOK & LAFLEUR, LLC<br>Charles A. Mouton<br>SBN 17721<br>Kay A. Theunissen<br>SBN 17448<br>P.O. Box 3089<br>600 Jefferson St.<br>Suite 1000<br>Lafayette, LA 70502<br>Tel: (337) 266-2189<br>Fax: (337)266-2303 | J.D. Page<br>*Lead Counsel*<br>SBN 15406700<br>3155 Phoenix Tower<br>3200 Southwest Freeway<br>Houston, TX 77027<br>Tel: (713) 840-9200<br>Fax: (713) 840-9217 | WARE, JACKSON, LEE & CHAMBERS, LLP<br>Melissa M. Davis<br>SBN 24045756<br>2929 Allen Pkwy, Fl. 42<br>Houston, TX 77019<br>Tel: (713) 659-6400<br>Fax: (713) 659-6262 |

   Counsel for National Oilwell Varco, L.P., National Oilwell Varco, Inc., National Oilwell Norway AS, Hydralift Amclyde, Inc., Hydralift, Inc., and Hydralift AS

## CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of January, 2010, I electronically filed the foregoing document with the clerk of the court for the United States District Court, Southern District of Texas, using the electronic case filing system of the Court. The electronic case filing system will send a "Notice of Electronic Filing" to counsel of record who have consented in writing to accept this Notice as service of this document by electronic means; I further certify that I have served counsel of record who have not so consented to electronic service pursuant to the Federal Rules of Civil Procedure.

/s/_____
Melissa M. Davis