UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BP AMERICA PRODUCTION COMPANY, *et al.* | § § § | |
| v. | § § | CIVIL ACTION NO. 09-CV-03360 |
| NATIONAL OILWELL VARCO, LP, *et al.* | § § § § § | |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BP AMERICA PRODUCTION COMPANY, *et al.* | § § § | |
| v. | § § | CIVIL ACTION NO. 10-CV-01162 |
| NATIONAL OILWELL VARCO, LP, *et al.* | § § § § § | |

## BP AMERICA PRODUCTION COMPANY, BP EXPLORATION & PRODUCTION INC., AND AMERICAN HOME ASSURANCE COMPANY'S ANSWER TO COUNTERCLAIMS

NOW INTO COURT, through undersigned counsel, come plaintiffs, BP America Production Company ("BP America"), BP Exploration & Production Inc. ("BPX&P"), and American Home Assurance Company ("American Home"), who, for an answer to the counterclaims filed on behalf of National Oilwell Varco, L.P., National Oilwell Varco, Inc., National Oilwell Norway, AS, Hydralift Amclyde, Inc., and Hydralift, Inc. (collectively referred to herein as "Counterclaimants") aver as follows.

### FIRST DEFENSE

The counterclaims fail to state a claim upon which relief may be granted, and should be dismissed with prejudice.

### SECOND DEFENSE

And now for a response to the specific allegations of the counterclaims, plaintiffs and defendants-in-counterclaim respond as follows:

1.

The allegations of Paragraphs 1, 2, 3, 4, 6, 7, 8, 9, 11, and 13 are denied except to admit the existence of two contracts between BP America and Pride Offshore, Inc., ("Pride"): (1) the Drilling Rig Operation and Maintenance Services Contract (the "Operation Contract") and (2) the Drilling Rig Construction and Purchase Contract (the "Construction Contract") and to state that the text of the Operation Contract and the Construction Contract are the best evidence of their terms.

2.

As regards the allegations of Paragraph 5, it is admitted that the plaintiffs' claims against NOV are based on allegations relating to NOV's design, manufacture, installation, maintenance, and repair of the parking brake system for the MAD DOG drilling rig, but the remaining allegations of Paragraph 5 are specifically denied for lack of information sufficient to form a belief as to the truth thereof.

3.

Plaintiffs admit the allegations of Paragraph 10, but state that the text of the Operation Contract and Construction Contract are the best evidence of their terms.

4.

The allegations of Paragraph 12 are denied.  While it is correct that NOV has made demand for indemnity, defense, and insurance, the plaintiffs refused to provide indemnity, defense or insurance because no such obligations exist and there has, therefore, been no breach of the Construction Contract or the Operation Contract on the part of the plaintiffs.

### THIRD DEFENSE

The Counterclaimants do not fall within the definition of "Contractor Group" in either the Operation Contract or the Construction Contract.

### FOURTH DEFENSE

In the alternative, "Contractor Group" committed gross fault which serves to invalidate any contractual provisions attempting to limit liability which are relied upon by the Counterclaimants.

## FIFTH DEFENSE

A defense and indemnity is not owed under Article 14.03.01(ii) of the Operation Contract based upon the clear and express language of that provision.

## SIXTH DEFENSE

A defense and indemnity is not owed under Article 14.02.01(ii) or (iii) of the Construction Contract based upon the clear and express language of those provisions.

## SEVENTH DEFENSE

Pride breached the warranty provisions of the Construction Contract.

## EIGHTH DEFENSE

BP did not assume the risk of loss of the rig resulting from gross fault or breach of warranty.

## NINTH DEFENSE

Neither the Operation Contract nor the Construction Contract contain a requirement that any contractual indemnity obligation be supported by insurance.

## JURY DEMAND

Plaintiffs request a jury trial of all issues raised by the Counterclaims.

-5-

WHEREFORE, BP America, BPX&P, and American Home pray that this answer be deemed good and sufficient and that after all due proceedings be had, the counterclaims be dismissed, with prejudice, all costs to be borne by the Counterclaimants.

    Respectfully submitted,

    LISKOW & LEWIS

    /s/ S. Gene Fendler
    S. Gene Fendler (La. Bar No. 5510)
    *Admitted Pro Hac Vice*
    **Attorney-in-Charge**
    701 Poydras Street
    Suite 5000, One Shell Square
    New Orleans, LA 70139
    Telephone:   (504) 581-7979
    Facsimile:   (504) 556-4108
    E-mail:   sgfendler@liskow.com

    *Attorneys for BP America Production Company, BP Exploration & Production Inc., and American Home Assurance Company*

**Of Counsel**:

LISKOW & LEWIS
David W. Leefe (La. Bar No. 1479)
*Admitted Pro Hac Vice*
Carol Welborn Reisman (Tex. Bar No. 24052638)
Devin C. Reid (La. Bar No. 32645)
*Admitted Pro Hac Vice*
701 Poydras Street
Suite 5000, One Shell Square
New Orleans, LA 70139
Telephone:    (504) 581-7979
Facsimile:    (504) 556-4108
E-mail:       dwleefe@liskow.com
              cwreisman@liskow.com
              dcreid@liskow.com

**and**

Robert Hayden Burns (Tex. Bar No. 03456000)
Federal I.D. No. 375
First City Tower
1001 Fannin Street, Suite 1800
Houston, TX 77002
Telephone:    (713) 651-2900
Facsimile:    (713) 651-2908
Email:        hburns@liskow.com

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on the 2nd of August, 2010, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all attorneys of record.  I further certify that, on the same day, I mailed, faxed, or e-mailed the foregoing document and notice of electronic filing to all attorney(s) of record who are non-CM/ECF participants.

                                                                        /s/ S. Gene Fendler

869995_1