IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BP EXPLORATION & PRODUCTION, INC., ET AL. | § § | |
|     Plaintiffs, | § § | CIVIL ACTION NO. 4:10-CV-01162 *consolidated with* NO. 4:09-CV-03360 |
| v. | § § | |
| NATIONAL OILWELL VARCO, L.P., ET AL. | § § | HON. VANESSA GILMORE |
|     Defendants. | § | PRESIDING |

## NATIONAL OILWELL VARCO DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND PLEADINGS

### Introduction

When BP and American Home filed their initial complaint, they alleged that NOV was a subcontractor for the equipment that is the subject matter of this lawsuit. After NOV informed BP that NOV would move for summary judgment on NOV's right to indemnification from BP because the critical contract requires BP to indemnify subcontractors for the damages sought in this lawsuit, BP and American Home filed a motion seeking leave to amend their pleadings to withdraw their judicial admission that NOV was a subcontractor on the project. NOV opposes BP and American Home's attempt to withdraw their judicial admission and contest a fact previously undisputed for over a year of litigation, particularly because there has been no new discovery or evidence that would justify such a reversal of position.

## Table of Contents

Page:

Introduction ..................................................................................................................i

Table of Contents........................................................................................................iii

Index of Authorities....................................................................................................iv

Factual Background.................................................................................................... 1

Procedural Background .............................................................................................. 2

Summary of Argument ............................................................................................... 3

Argument & Authority ............................................................................................... 4

   I.    The Decision to Grant or Deny Leave Lies Within the Discretion of the District Court ................................................................................................ 4

        A.    Amendment in Response to Potential Summary Judgment Is Disfavored ..................................................................................... 5

        B.    Undue Delay and Undue Prejudice to NOV Are Factors the Court Must Consider in Deciding Whether to Grant Leave to Amend ............................................................................................. 6

   II.   The Court Should Deny Leave to Amend Under These Circumstances, as Other Courts Have in Similar Circumstances ........................... 5

        A.    Undue Delay: Plaintiffs' Pretext for Seeking to Rescind Their Judicial Admission Does Not Justify the Year-Long Delay ........................... 6

        B.    Unfair Prejudice: NOV Was Entitled to Rely on Plaintiffs' Judicial Admission and Is Prejudiced by the Unjustified Withdrawal of This Admission ................................................................... 8

Conclusion & Prayer .................................................................................................. 9

# Table of Authorities

**Cases**

*Armenta v. Pryor*,
 2010 WL 1849278 (5th Cir. 2010) .................................................................................. 4

*Ashe v. Corley*,
 992 F.2d 540 (5th Cir. 1993) ........................................................................................... 4

*Clayton v. ConocoPhillips Co.*,
 2010 WL 1463466 (S.D. Tex. April 12, 2010) ................................................................ 8

*Columbus Bank & Trust Co. v. McKenzie Trucking & Leasing, LLC*,
 2009 WL 3526648 (M.D. Ga. Oct. 23, 2009) .......................................................... 6, 7, 9

*Daves v. Payless Cashways, Inc.*,
 661 F.2d 1022 (5th Cir. 1981) ......................................................................................... 7

*Davis v. A.G. Edwards & Sons, Inc.*,
 823 F.2d 105 (5th Cir. 1987) ........................................................................................... 5

*Little v. Liquid Air Corp.*,
 952 F.2d 841 (5th Cir. 1992), *aff'd on this point en banc,* 37 F.3d 1069
 (5th Cir. 1994) ................................................................................................................. 8

*Morales v. Dept. of Army*,
 947 F.2d 766 (5th Cir. 1991) ........................................................................................... 5

*Muttathottil v. Gordon H. Mansfield*,
 2010 WL 2465009 (5th Cir. 2010) .................................................................................. 4

*Overseas Inns S.A. P.A. v. U.S.*,
 911 F.2d 1146 (5th Cir. 1990) ......................................................................................... 5

*Sanders v. Agnew*,
 306 Fed. Appx. 844 (5th Cir. 2009) ................................................................................ 4

*Smith v. EMC Corp.*,
 393 F.3d 590 (5th Cir. 2004) ........................................................................................... 6

*Tarantino v. Pierce*,
    149 F.3d 1174, 1998 WL 413027 (5th Cir. 1998) .......................................................... 5

*U.S. Axminster, Inc. v. Chamberlain*,
    1997 WL 672651 (N.D. Miss. Sept. 26, 1997) ............................................................. 8

**Statutes**

Fed. R. Civ. P. 15 ............................................................................................................... 4, 7

## Factual Background

Plaintiffs BP America Production Company and BP Exploration & Production, Inc. (collectively, "BP") and its insurer, American Home Assurance Company ("American Home"), brought this suit against Defendants National Oilwell Varco, LP, National Oilwell Varco, Inc., National Oilwell Norway AS, Hydralift AS, Hydralift Amclyde, Inc., and Hydralift, Inc. (collectively, "NOV") to recover losses arising from damage to a deepwater drilling facility, called the "Mad Dog" facility, located on the Outer Continental Shelf off the coast of Louisiana. In the Spring of 2002, BP contracted with Pride Offshore, Inc. ("Pride") to build and, after construction, operate the Mad Dog facility. This was accomplished through two contracts: (1) the Drilling Rig Construction and Purchase Contract (the "Construction Contract")[1] and (2) the Drilling Rig Operation and Maintenance Services Contract (the "Operation Contract").[2] Both contracts contain extensive indemnity provisions running (a) from BP to Pride and Pride's subcontractors and vendors and (b) from Pride to BP and BP's co-ventures and co-lessees.

Pride subcontracted the design and construction of the parking brake system for the Mad Dog drilling rig to NOV. In September of 2004, construction of the Mad Dog facility was completed, and BP issued provisional acceptance of the facility. Four years later, the Mad Dog facility suffered damage as a result of Hurricane Ike hitting the Gulf of Mexico. BP and American Home then filed this suit against NOV, alleging that the damages were caused by some defect of the drilling rig's parking brake system.

---

[1] A copy of the Drilling Rig Construction and Purchase Contract is attached as Exh. A.

[2] A copy of the Drilling Rig Operation and Maintenance Services Contract is attached as Exh. B.

**Procedural Background**

BP and American Home initiated this suit more than a year ago. In their previous pleadings, BP and American Home pled that NOV was a subcontractor of Pride on the Mad Dog project. This has been an undisputed fact throughout the life of the case – after all, Pride is the contractor for the Mad Dog project and NOV's role as the subcontractor for the parking brake system is the foundation of BP's claims against NOV.

At the outset of the case, NOV filed counterclaims against BP and American Home based on NOV's rights under the Construction Contract and the Operation Contract, including NOV's right to indemnity from BP. In December of 2009, NOV made a demand on BP and American Home for indemnity, insurance and defense under the contracts, but this demand was not met.[3] NOV has made it clear to BP throughout this litigation that it intended to file summary judgment on BP's contractual duty to indemnify NOV, and NOV's motion for partial summary judgment on NOV's right to indemnity from BP is currently pending before the Court.

Shortly before NOV filed its motion for partial summary judgment on indemnity, BP and American Home requested leave to amend their pleadings in order to withdraw their judicial admission that NOV was a subcontractor of Pride.

---

[3] Exh. C, NOV's demand letter. NOV anticipates that, if this action continues, the insurance and waiver of subrogation rights created in the contracts and in BP's insurance policies will result in a subsequent motion for summary judgment after discovery on BP's insurers and insurance policies is more substantially complete.

**Summary of Argument**

The decision to grant or deny leave to amend pleadings lies within the discretion of the district court. Leave should be freely granted "when justice so requires," but "is by no means automatic" and should not be granted in order to affect an injustice on the opposing party. Here, BP and American Home seek leave to amend their pleadings in an effort to forestall partial summary judgment on NOV's indemnity counterclaim by taking a previously undisputed fact and putting that fact back into contention.[4] The transaction document BP and American Home point to as supporting their new attempt to deny a fact they previously judicially admitted is a document that Plaintiffs have had (and used as an exhibit) throughout this lawsuit.[5] In light of the year-long delay in seeking to change the factual basis for their claims and the undue prejudice that will result to NOV from the withdrawal of their judicial admission, this Court should not grant BP and American Home's motion for leave to amend their pleadings.

---

[4] It should be noted that NOV is entitled to indemnity under the express terms of the Operation Contract regardless of whether it contracted with Pride directly or through an affiliated entity.

[5] Moreover, the fact that one of the transaction documents contains the name of two companies affiliated with Pride – Pride International, Inc. (Pride's parent company) and Petroleum Supply Company (Pride's sibling under Pride International, Inc.) – is no evidence that NOV contracted with one of these entities rather than with Pride directly. Indeed, Pride was the general contractor on the Mad Dog project and, thus, was necessarily the entity subcontracting various aspects of the project to subcontractors like NOV.

## Argument & Authority

**I.  The Decision to Grant or Deny Leave Lies Within the Discretion of the District Court**

The Fifth Circuit has recently reiterated the standard for leave to amend a party's pleadings: "Fed. R. Civ. P. 15(a)(2) provides that '[a] court should freely give leave' to amend pleadings 'when justice so requires,' but the decision to grant or deny leave to amend a complaint lies within the discretion of the district court." *Muttathottil v. Gordon H. Mansfield*, 2010 WL 2465009, at *3 (5th Cir. 2010) (slip copy). As the Fifth Circuit has repeatedly affirmed, leave to amend "is by no means automatic." *Armenta v. Pryor*, 2010 WL 1849278, at *2 (5th Cir. 2010) (slip copy) (quoting *Ashe v. Corley*, 992 F.2d 540, 542 (5th Cir. 1993).

A party seeking leave to amend their pleadings must provide an explanation as to why justice requires that the Court grant leave to amend; *Sanders v. Agnew*, 306 Fed. Appx. 844, 849-850 (5th Cir. 2009) ("The district court denied Sanders's motion, stating that 'Plaintiff has failed to provide any specific explanation regarding how or why "justice so requires" the requested amendment.' We agree."). Merely asserting that leave to amend is in the interest of justice is not sufficient. *Id.* BP and American Home have not satisfied this burden by providing any explanation of why justice requires the Court to allow BP and American Home to contradict its judicial admissions that have been in place in this case for over a year in order to avoid a partial summary judgment.

### A. Amendment in Response to Potential Summary Judgment Is Disfavored

The Fifth Circuit has applied a higher standard to motions for leave to amend where the amendment is sought for the purpose of avoiding summary judgment. *E.g., Overseas Inns S.A. P.A. v. U.S.*, 911 F.2d 1146, 1151 (5th Cir. 1990) (upholding denial of motion for leave to amend under Rule 15). "A party should not, without adequate grounds, be permitted to avoid summary judgment by the expedient of amending its complaint." *Id.*; *Tarantino v. Pierce*, 149 F.3d 1174, 1998 WL 413027, at *3 (5th Cir. 1998) (affirming denial of leave and quoting *Overseas Inns*).

This is exactly what BP and American Home seek to do here. For over a year, BP and American Home's claims against NOV have been founded on NOV's status as the parking brake subcontractor of BP's general contractor on the Mad Dog project, Pride. BP and American Home expressly pled in multiple places that NOV was a subcontractor of Pride.[6] These assertions of fact in BP and American Home's pleadings constitute judicial admissions, binding against them in this litigation. *Morales v. Dept. of Army*, 947 F.2d 766, 769 (5th Cir. 1991) ("Factual assertions in pleadings are judicial admissions conclusively binding on the party that made them.") (quoting *Davis v. A.G. Edwards & Sons, Inc.*, 823 F.2d 105 (5th Cir. 1987). BP and American Home now seek to withdraw their binding judicial admission in order to create the appearance of a

---

[6] *See* BP and American Home's Complaint at ¶¶ 14, 19, 28; BP and American Homes' Original Petition at ¶¶ 19, 24, 33.

potential fact issue, undoubtedly for use in an effort to delay the Court's ruling on their indemnity obligations to NOV.

### B. Undue Delay and Undue Prejudice to NOV Are Factors the Court Must Consider in Deciding Whether to Grant Leave to Amend

The Fifth Circuit has identified five factors that the Court should consider in deciding whether to grant or deny leave to amend pleadings under Rule 15: (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by previous amendments, (4) undue prejudice to the opposing party, and (5) futility of the amendment. *E.g. Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004). Two of these factors are applicable here – undue delay and undue prejudice to NOV – and each weighs against permitting BP and American Home to amend their pleadings to avoid partial summary judgment by contesting a fact that has been judicially admitted in this litigation for over a year.

### II. The Court Should Deny Leave to Amend Under These Circumstances, as Other Courts Have in Similar Circumstances

This Court is not the first to face a situation where a party seeks to amend its pleadings in order to avoid a judicial admission previously made by the party. In *Columbus Bank & Trust Co. v. McKenzie Trucking & Leasing, LLC*, 2009 WL 3526648 (M.D. Ga. Oct. 23, 2009), the defendant in the case admitted in his answer that he was the signatory to a contract with the plaintiff but contradicted that admission in his deposition and discovery responses. *Id.* at *2-3. When the plaintiff sought summary judgment relying, in part, on the defendant's judicial admission in his answer, the defendant sought leave to amend his answer to eliminate the admission. *Id.*

The district court applied the standard under Rule 15 that the court should give leave to amend freely "when justice so requires" but concluded that justice would not be served by permitting the defendant to avoid his previous admission in order to avoid summary judgment in the plaintiff's favor. In reaching this decision, the district court looked at the same factors identified by the Fifth Circuit. *Id.* at *4. The Court's analysis of the Fifth Circuit factors offers guidance for the application of these factors to this case.

A. **Undue Delay: Plaintiffs' Pretext for Seeking to Rescind Their Judicial Admission Does Not Justify the Year-Long Delay**

With respect to undue delay, the *Columbus Bank & Trust* court held that a delay of a year and a half constituted undue delay even in the absence of evidence that the delay was in bad faith or for dilatory purpose. *Id.* at 5 (quoting the Fifth Circuit's statement in *Daves v. Payless Cashways, Inc.,* 661 F.2d 1022, 1025 (5th Cir. 1981) that: "At some point in the course of litigation, an unjustified delay preceding a motion to amend goes beyond excusable neglect, even when there is no evidence of bad faith or dilatory motive. Liberality in pleading does not bestow on a litigant the privilege of neglecting her case for a long period of time."). The *Columbus Bank & Trust* court further acknowledged that denial of long-delayed amendment to pleadings is particularly justified where the amendment is designed to avoid an impending adverse summary judgment. *Columbus Bank & Trust Co.*, 2009 WL 3526648 at *5.

BP and American Home's delay of over a year is likewise simply too long, absent justifying circumstances not present here. *See id.*; *see also Little v. Liquid Air Corp.*, 952 F.2d 841, 846-47 (5th Cir. 1992), *aff'd on this point en banc,* 37 F.3d 1069, 1073 & n.8

(5th Cir. 1994) (holding that delay was "particularly egregious" where plaintiff failed to propose amendment until over a year after initiating suit and sought amendment to avoid summary judgment). BP and American Home offer no explanation for why they waited a year to determine it was in their best interest to contest the previously undisputed fact that NOV is a subcontractor of Pride. The document that they rely on for their new position is not a newly discovered document. To the contrary, BP and American Home have previously used this document, 1356678-0000 OP, to support their position in this litigation. More than eight months ago, BP and American Home filed an affidavit from one of their employees attaching and proving up this document, in support of BP and American Home's opposition to the motion to transfer this suit from Louisiana to Texas.[7]

Other courts have held that a delay of this length after the purported discovery of new facts constitutes undue delay justifying denial of leave to amend pleadings. *E.g., U.S. Axminster, Inc. v. Chamberlain*, 1997 WL 672651, at * (N.D. Miss. Sept. 26, 1997) (not designated for publication) (delay of 7 months after purported discovery of new facts constituted undue delay); *see also Clayton v. ConocoPhillips Co.*, 2010 WL 1463466, at *3 (S.D. Tex. April 12, 2010) (slip copy) (listing cases denying leave to amend pleadings under Rules 15 and 16 where the party seeking leave was aware of the facts upon which amendment was sought at the time of prior pleadings).

---

[7] Exh. D, BP and American Homes' Opposition to NOV's Motion to Transfer at Exhibit "B" [Doc. No. 26-2].

> B. **Unfair Prejudice: NOV Was Entitled to Rely on Plaintiffs' Judicial Admission and Is Prejudiced by the Unjustified Withdrawal of This Admission**

In analyzing the prejudice to the plaintiff from permitting the defendant to amend his pleadings in order to eliminate a judicial admission, the *Columbus Bank & Trust* court observed the importance of the fact that the defendant's judicial admission was a basis for a motion for summary judgment filed by the plaintiff in the case. *Columbus Bank & Trust Co.*, 2009 WL 3526648 at *5. The court concluded that allowing the defendant to withdraw its judicial admission would thus prejudice the plaintiff by forcing it to "reshape the theory of its case for summary judgment." *Id.* The Court noted that it could permit the plaintiff to re-file its motion for summary judgment after additional discovery, but that this too would prejudice the plaintiff. *Id.*

The defendant in *Columbus Bank & Trust* asserted that there was no such prejudice because the plaintiff was and had been aware of the evidence that the defendant relied on to support his changed pleadings. *Id.* at 6. The *Columbus Bank & Trust* court rejected this argument, observing that the plaintiff was entitled to rely on the defendant's judicial admissions and any other evidence purportedly contradicting the judicial admission did not undercut this reliance because the defendant had never expressly denied the judicially admitted fact. *Id.* Here too, BP and American Home have asserted that NOV is not prejudiced because NOV was (like BP and American Home) aware of document number 1356678-0000 OP and that it bore the name of affiliates of Pride. This contention fails for the same reasons as in *Columbus Bank & Trust* – NOV was entitled to rely on BP and American Home's judicial admissions, which specifically stated that the

equipment at the heart of their action against NOV was subcontracted to NOV, and neither BP nor American Home have expressly denied that NOV was a subcontractor of Pride prior to their motion for leave to amend their pleadings.

## Conclusion & Prayer

Because there is no new evidence or other justifying circumstance, BP and American Home should not be permitted to contradict a fact they have judicially admitted for over a year merely to create the appearance of a fact issue in order to delay NOV's right to partial summary judgment on BP's contractual duty to indemnify NOV in this suit. NOV therefore respectfully requests that the Court deny BP and American Home's motion for leave to amend their pleadings.

Respectfully submitted,

By: /s/
    Melissa M. Davis

| J.D. PAGE | WARE, JACKSON, LEE, & |
|---|---|
| *Lead Counsel* | CHAMBERS, LLP |
| Texas Bar No. 15406700 | Eileen O'Neill |
| 3155 Phoenix Tower | Melissa M. Davis |
| 3200 Southwest Frwy | Texas Bar No. 24045756 |
| Houston, TX 77027 | America Tower |
| Tel: (713) 840-9200 | 2929 Allen Pkwy, 42nd Fl. |
| Fax: (713) 840-9217 | Houston, TX 77019 |
| | Tel: (713) 659-6400 |
| | Fax: (713) 659-6262 |
| **MAHTOOK & LAFLEUR, LLC** | **LEWIS, KULLMAN, STERBCOW & ABRAMSON** |
| Charles A. Mouton | Lawrence S. Kullman |
| Louisiana Bar No. 17721 | Louisiana Bar No. 07884 |
| P.O. Box 3089 | 2614 Pan American Life Center |
| 600 Jefferson St., Ste. 1000 | 601 Poydras St. |
| Lafayette, LA 70502 | New Orleans, LA 70130 |
| Tel: (337) 266-2189 | Tel: (504) 588-1500 |
| Fax: (337)266-2303 | Fax: (504) 588-1514 |

*Counsel for National Oilwell Varco, L.P., National Oilwell Varco, Inc., National Oilwell Norway AS, Hydralift Amclyde, Inc., Hydralift, Inc., and Hydralift AS*

**CERTIFICATE OF SERVICE**

    I hereby certify that on the 20th day of September, 2010, I electronically filed the foregoing document with the clerk of the court for the United States District Court, Southern District of Texas, using the electronic case filing system of the Court. The electronic case filing system will send a "Notice of Electronic Filing" to counsel of record who have consented in writing to accept this Notice as service of this document by electronic means; I further certify that I have served counsel of record who have not so consented to electronic service pursuant to the Federal Rules of Civil Procedure.

                                                   /s/ _____
                                                      Melissa M. Davis