UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BP AMERICA PRODUCTION COMPANY, *et al.* | § § § | |
| v. | § § | CIVIL ACTION NO. 09-CV-03360 Consolidated With |
| NATIONAL OILWELL VARCO, LP, *et al.* | § § § § § | CIVIL ACTION NO. 10-CV-01162 |

### PLAINTIFFS' REPLY IN SUPPORT OF OPPOSED MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT AND AMENDED PLAINTIFFS' ORIGINAL PETITION

Plaintiffs, BP America Production Company ("BP America"), BP Exploration & Production Inc. ("BPX&P"), and American Home Assurance Company ("American Home"), respectfully provide this reply memorandum to address issues raised by the defendants in their opposition to plaintiffs' motion for leave to amend.

The primary purpose of litigation is to afford the litigants the opportunity to establish the truth of the matters in controversy. In opposing the plaintiff's motion for leave to amend a mistaken allegation that is inconsistent with the documentary evidence subsequently provided to the plaintiffs, the defendants are attempting to thwart plaintiffs' correction of the facts for the

Court. Rule 15 states that leave to amend should be "freely given ... when justice requires." It would be a serious miscarriage of justice if leave were not given here to permit the plaintiffs to correct their mistaken allegation -- an allegation that all parties acknowledge is inconsistent with the documentary evidence. Indeed, in footnote 5 of their opposition, the defendants admit that the purchase order for the parking brakes at issue contains the names of Pride International, Inc. and Petroleum Supply Company and not Pride Offshore, Inc.

The defendants' argument that their status as subcontractor to Pride Offshore, Inc. has "been an undisputed fact throughout the life of the case" is totally inaccurate and misleading. It is important to remember that although this case has been pending for a year, the case has been relatively dormant for most of that time. Indeed, the parties were tied up with procedural venue issues such that virtually nothing substantive took place during the one year period leading up to the scheduling conference with this Court on September 3, 2010. Once the venue issue had been resolved and the parties began preparing for the scheduling conference and moving the case forward substantively toward trial, the plaintiffs realized that their original allegations were mistaken and that they did not comport with the documentary evidence they had been provided. Consequently, the plaintiffs sought leave to withdraw their mistaken factual allegations -- factual allegations that the defendants *knew* were incorrect based on the documentary evidence. Any alleged prejudice to the defendants based on their reliance on the plaintiffs' allegations was totally unreasonable as they themselves knew all along the allegations were erroneous. Quite simply, in opposing plaintiffs' motion for leave to amend, the defendants are trying to take advantage of the situation.

Interestingly, in arguing that they have been prejudiced by the plaintiffs' failure to amend their original pleadings earlier, the defendants refer to and attach to their opposition pleadings

filed by plaintiffs in connection with the venue dispute. Those pleadings made it clear that the defendants did not subcontract directly with Pride Offshore, Inc. Indeed, the plaintiffs stated that Pride Offshore, Inc. "had one of its corporate affiliates, a company called Petroleum Supply Company, contract with one of the defendants in this case, Hydralift, Inc., to provide the brake clamps that would hold the drilling rig on the Mad Dog platform." Given this statement, as well as the undisputed documentary evidence, the defendants were on notice long ago that plaintiffs' original allegations were incorrect. They were also put on notice that the subcontractor status of the defendants was not "undisputed" and that reliance on that fact in support of a motion for summary judgment would be improper.

In arguing that the plaintiffs should not be granted leave to amend their pleadings to correct an error of fact, the defendants have cited *Overseas Inns S.A. P.A. v. U.S.*, 911 F. 2d 1146 (5th Cir. 1990). *Overseas Inns* is factually distinguishable from this case. In *Overseas Inns*, the plaintiff waited to amend its complaint until ***after extensive pretrial activity had taken place and after a motion for summary judgment had been on file for more than a year.*** Here, the plaintiffs' motion to amend was filed before the defendants' filed their motion for summary judgment in a case in which the only discovery to date has been the exchange of initial disclosures.

Defendants also rely on *Tarantino v. Pierce*, 149 F.3d 1174 (5th Cir. 1998) and *Columbus Bank & Trust Co. v. McKenzie Trucking & Leasing, LLC*, 2009 WL 3526648 (M.D. Ga. Oct. 23, 2009). Again, however, the facts of *Tarantino* and *Columbus Bank* are inconsistent with those in our case. In both cases relied upon by the defendants, the party seeking the amendment did so *after* the other party had moved for summary judgment.

Importantly, under Louisiana law,[1] a judicial admission can be revoked if it was based on a mistaken factual understanding. Indeed, article 1853 of the Louisiana Civil Code expressly provides for revocation of a judicial confession "on ground of error of fact." *See Ogg v. Ferguson*, 521 So. 2d 525 (La. App. 4th Cir. 1988) (consent judgment debtor was entitled to revoke his admission that he owned one-sixth interest in certain property and was entitled to amend his petition when he discovered that the pleading contained an error of fact as to ownership of the property).

The plaintiffs have explained to the Court the reason for their requested amendment. The plaintiffs are trying to correct a mistaken allegation that is inconsistent with the undisputed facts now known by both parties – facts that were known by the defendants all along. Defendants are disingenuously attempting to take advantage of the plaintiffs' error. As the court explained in *Kiln Underwriting Ltd. v. Jesuit High School of New Orleans*, No. 06-4350, 2008 WL 4724390 (E.D. La. Oct. 4, 2008), "[l]itigation is not a game of 'gotcha,'" where one party can take advantage of another party's mistaken pleadings.

The defendants are not prejudiced by the amendment. The defendants have known the true facts all along. Indeed, the defendants have had the Purchase Order for the parking brake clamps issued by Petroleum Supply Company and not by Pride Offshore, Inc. for years.

---

[1] Because the Mad Dog spar platform is located on the Outer Continental Shelf in Green Canyon Block 782 off the coast of Louisiana, the parties agree that Louisiana law applies as surrogate federal law pursuant to the Outer Continental Shelf Lands Act ("OCSLA"). *See* 43 U.S.C. § 1333; *Grand Isle Shipyard, Inc. v. Secor Marine, LLC*, 589 F.3d 778 (5th Cir. 2009). The OCSLA is itself "a Congressionally mandated choice of law provision requiring that the substantive law of the adjacent state applies even in the presence of a choice of law provision in the contract to the contrary." *Union Texas Petroleum Corp. v. PLT Engineering, Inc.*, 895 F.2d 1043, 1050 (5th Cir. 1990). *See also Texaco Exploration and Production, Inc. v. AmClyde Engineered Products Co., Inc.*, 448 F.3d 760, 772 (5th Cir.), *cert. denied*, 549 U.S. 1053 (2006) (OCSLA's choice of law rules are not subject to exception by the parties' agreement); *Matte v. Zapata Offshore Co.*, 784 F.2d 628, 631 (5th Cir.), *cert. denied sub nom. Zapata Offshore Co. v. Timco, Inc.*, 479 U.S. 872 (1986).

The requested amendment will not delay the trial of this matter. The motion for leave seeking permission to amend was filed before the scheduling conference and therefore before the parties were provided with a trial date in this matter. The parties have just begun written discovery and no depositions have been taken.

Finally, plaintiffs' motion for leave to withdraw their original mistaken allegations was filed well in advance of the Court ordered deadline for amending pleadings of December 1, 2010.

## CONCLUSION

For all of the foregoing reasons, the plaintiffs respectfully request that leave be given to permit them to file the requested amendment. If leave is not granted, the plaintiffs will suffer a grave and serious injustice.

Respectfully submitted,

LISKOW & LEWIS

/s/ S. Gene Fendler
S. Gene Fendler (La. Bar No. 5510)
*Admitted Pro Hac Vice*
**Attorney-in-Charge**
701 Poydras Street
Suite 5000, One Shell Square
New Orleans, LA 70139
Telephone:	(504) 581-7979
Facsimile:	(504) 556-4108
E-mail:sgfendler@liskow.com

*Attorneys for BP America Production Company, BP Exploration & Production Inc., and American Home Assurance Company*

**Of Counsel**:

LISKOW & LEWIS
David W. Leefe (La. Bar No. 1479)
*Admitted Pro Hac Vice*
Carol Welborn Reisman (Tex. Bar No. 24052638)
Devin C. Reid (La. Bar No. 32645)
*Admitted Pro Hac Vice*
701 Poydras Street
Suite 5000, One Shell Square
New Orleans, LA 70139
Telephone:     (504) 581-7979
Facsimile:      (504) 556-4108
E-mail: dwleefe@liskow.com
              cwreisman@liskow.com
              dcreid@liskow.com

**and**

Robert Hayden Burns (Tex. Bar No. 03456000)
Federal I.D. No. 375
First City Tower
1001 Fannin Street, Suite 1800
Houston, TX 77002
Telephone:     (713) 651-2900
Facsimile:      (713) 651-2908
Email:            hburns@liskow.com

- 7 -

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 22nd of September, 2010, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all attorneys of record. I further certify that, on the same day, I mailed, faxed, or e-mailed the foregoing document and notice of electronic filing to all attorney(s) of record who are non-CM/ECF participants.

/s/ S. Gene Fendler

928726_1